HUME v. MOORE et al.    (No. 5549.)

(Court of Civil Appeals of Texas. Austin. April 26, 1916. On Appellant's Motion for Rehearing, June 14, 1916. Rehearing Denied Oct. 11, 1916.)

Appeal from District Court, McLennan County; J. Walter Cocke, Special Judge.

Trespass to try title by the Central Texas Improvement Company and W. B. Carrington against Marvin Moore and others, in which S. L. Hume filed a plea of intervention in trespass to try title against defendants. Plaintiffs at their own instance dismissed from the case without prejudice, judgment for defendants, and intervener appeals. Reversed, and judgment rendered for intervener.

H. N. Atkinson, of Houston, and W. L. Eason and W. B. Carrington, both of Waco, for appellant. Pat M. Neff, Edgar E. Witt, Wm. R. Saunders, and Chas. B. Braun, all of Waco, for appellees.

RICE, J. The Central Texas Improvement Company, a corporation, and W. B. Carrington brought this suit in the form of trespass

to try title against Marvin Moore and Mrs. Eva Moore, R. B. Carpenter, W. R. Denton and wife, Mattie D. Denton, and H. E. Cannaday, defendants below, appellees here, to recover from them the title and possession of lots 3 and 4 in block 41 of the Provident Heights addition to the city of Waco. During the pendency of the suit, on May 2, 1914, S. L. Hume filed his plea of intervention in trespass to try title against appellees for said lots, praying for title and possession thereof. Appellees filed their second amended original answer, wherein they denied the allegations of plaintiff's petition, and in addition thereto pleaded not guilty, the three and five year statutes of limitation and improvements in good faith. The plaintiffs and intervener replied by supplemental petition, denying the allegations of appellee's second amended original answer, and prayed as in their original pleading for title and possession of said property, except that they admitted the allegations of improvements in good faith.

Upon the conclusion of the evidence the Central Texas Improvement Company and W. B. Carrington were, at their own instance, dismissed from the case without prejudice, after which the suit proceeded in the name of intervener alone.

In all substantial respects the issues involved and the facts presented herein are similar to those involved in cause No. 5548, styled S. L. Hume, Appellant, v. R. B. Carpenter et al., Appellees, 188 S. W. 707, this day decided by us, for which reason we adopt the opinion in that case as the opinion in this, and direct that the same disposition be made of this appeal as in that case.

The judgment of the court below is therefore in all respects reversed, and the cause remanded.

Reversed and remanded.

### On Appellant's Motion for Rehearing.

This case is, in all substantial respects, a companion case to that of S. L. Hume v. R. B. Carpenter et al., for which reason we adopt as the opinion in this case the opinion this day rendered on appellant's motion for rehearing in that case; and the facts being fully developed, and the jury having found the value of the lots in controversy, as well as that of the improvements thereon, it becomes our duty to render judgment for appellant for the lots in controversy, subject to the condition as required by chapter 2, title 128, Revised Statutes of 1911, and it is so ordered.

Motion granted. Reversed and rendered.